UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEESHANN JONES, et al,

        Plaintiffs

   v.                                      Case No. 1:12-cv–946-HJW

MARK MCGRATH, et al.,

        Defendants

## ORDER

Pending are the defendants' "Motion to Dismiss" (doc. no. 3) and the plaintiffs' "Motion For Leave to File First Amended Complaint" (doc. no. 9). The Court has fully considered the record, including the complaint, the tendered amended complaint, and the parties' motions, briefs, and notices. For the following reasons, the Court will **grant** the plaintiffs' motion for leave to file an amended complaint, **dismiss** without prejudice the defendants' motion to dismiss, and order the plaintiffs to **show cause** why their remaining claim should not be dismissed as time-barred:

**I. Background**

Plaintiffs allege that their housing rental application was denied by the defendants on June 16, 2010 for racially discriminatory reasons. Approximately two and one-half years later on December 7, 2012, plaintiffs filed a four-count

1

federal complaint, asserting causes of action under 42 U.S.C. §§ 1981, 1982, 3604(a) and Ohio R.C. § 4112.02(H). Plaintiffs seek declaratory and injunctive relief, compensatory and punitive damages, costs, attorney fees, and any other applicable relief.

Prior to filing their federal complaint, plaintiffs filed a state housing discrimination charge on October 12, 2010, with the Ohio Civil Rights Commission ("OCRC"). Plaintiffs indicate that "the OCRC authorized the Office of the Attorney General to commence a civil action in the Warren County Court of Common Pleas" (doc. no. 1 at ¶ 33) and that the OCRC filed its complaint on May 3, 2012 (doc. no. 8-1 at 7, Docket Sheet). The parties have advised the OCRC voluntarily dismissed the state action on June 5, 2013 (doc. nos. 17, 18).

On January 7, 2013, the defendants filed a motion to dismiss this federal case pursuant to Fed.R.Civ.P. 12(b)(1) & (6), asserting that 1) all four claims are time-barred under the applicable two-year statute of limitations, and alternatively 2) that *Younger* abstention would require dismissal of plaintiffs' complaint based on principles of federalism and state sovereignty (doc. no. 3). Plaintiffs oppose the motion to dismiss, arguing that the FHA's two-year statute of limitations was tolled by their state charge with the OCRC. Plaintiffs also seek leave to amend their complaint (doc. no. 9). Defendants oppose the requested amendment on grounds of delay, prejudice, and futility. Defendants assert that the statute of limitations for the FHA claim was not tolled by the plaintiffs' state charge. The motions are fully briefed and ripe for consideration.

2

## II. Relevant Law

The federal Fair Housing Act ("FHA") provides in relevant part that: "it shall be unlawful – (a) to refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a).

With respect to the statute of limitations and any tolling, the FHA provides:

> (1)(A) An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this subchapter, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach.
> (B) The computation of such 2-year period shall not include any time during which an administrative proceeding under this subchapter was pending with respect to a complaint or charge under this subchapter based upon such discriminatory housing practice. This subparagraph does not apply to actions arising from a breach of a conciliation agreement.

42 U.S.C. § 3604(a).

## III.   Discussion

### A. the Motion for Leave to File an Amended Complaint

Rule 15(a) of the Federal Rules of Civil Procedure, as amended, provides in relevant part that:

> (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading

> is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> **(2) *Other Amendments*.** "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Fed.R.Civ.P. 15(a)(1-2); <u>Mayle v. Felix</u>, 545 U.S. 644, 663 (2005). In the present case, plaintiffs must obtain leave of court in order to file their amended complaint. Although leave is freely given, "the right to amend is not absolute or automatic." <u>Tucker v. Middleburg Legacy Place, LLC</u>, 539 F.3d 545, 551 (6th Cir. 2008). Leave to amend may be denied when it would result in undue delay, prejudice to the opposing party, or repeated failure to cure deficiencies in the complaint. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

In their tendered amended complaint, plaintiffs omit three claims and assert a single claim under 42 U.S.C. § 3604 of the Fair Housing Act ("FHA"). Plaintiffs explain that their factual allegations are largely unchanged, but indicate that they have "broadened" their legal citation from "§ 3604(a)" to "§ 3604" and that they are "dismissing" (i.e. omitting) the three claims brought respectively under 42 U.S.C. §§ 1981, 1982, and Ohio R.C. § 4112.02(H). The tendered amended complaint essentially re-alleges all the same facts, with a few minor additions. For example, plaintiffs have added a reference to a related state case (¶ 32) and a reference to a motion to stay in that case (¶ 33). The parties have subsequently advised that the stay was denied and that the state case has been dismissed (doc. nos. 11, 17, 18 "Notices"). In light of the fact that no state action is pending, the defendants'

4

alternative argument regarding *Younger* abstention would be moot, and this Court need not consider whether *Younger* abstention is required for purposes of Rule 12(b)(1). This Court has subject matter jurisdiction over this case, including the FHA claim in the amended complaint.

Defendants agree that the three claims under 42 U.S.C. §§ 1981, 1982, and Ohio R.C. § 4112.02(H) should be dismissed, but oppose amendment of the complaint, largely because they wish to avoid the expense and delay of filing a renewed motion to dismiss on the same dispositive issues (i.e. untimeliness under the statute of limitations and unavailability of tolling) with respect to the remaining claim. Defendants point out that these issues have been fully briefed and contend that they will be prejudiced by the additional expense and delay. Defendants point out that the plaintiffs filed their federal complaint more than two years after the alleged discriminatory denial of their rental application. Defendants argue that the plaintiffs' state charge did not toll the two year statute of limitations and that the proposed amendment is futile (doc. no. 13). Defendants assert that their arguments regarding the statute of limitations fully apply to the plaintiff's reasserted FHA claim in the amended complaint.

The Court finds that the plaintiffs' request for leave to amend has been filed early in the proceedings and will not cause undue delay. "Delay by itself is not sufficient reason to deny a motion to amend." Wade v. Knoxville Utils. Bd., 259 F.3d 452, 458 (6th Cir. 2001); Phelps v. McClellan, 30 F.3d 658, 662 (6th Cir. 1994) (same). Delay alone will generally not bar amendment if the other party is not

prejudiced by the delay. Ziegler v. Aukerman, 512 F.3d 777, 786 (6th Cir. 2008); Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999); Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir. 1986) (requiring "at least some significant showing of prejudice to the opponent").

As for alleged prejudice due to the expense of re-briefing, defense counsel's stated goal of minimizing client expense is laudable, but the Court finds that any resulting prejudice is minimal here, particularly since the amended complaint narrows the pending claims to a single cause of action. The record does not suggest that plaintiffs have sought amendment "in bad faith" or for "dilatory purposes." Crawford v. Roane, 53 F.3d 750, 753 (6th Cir. 1995), cert. denied, 517 U.S. 1121 (1996). As to whether amendment is futile because the remaining claim under the FHA is time-barred, this essentially involves analysis under Rule 12(b)(6) and consideration of the availability of statutory tolling.

### B. Whether the FHA Claim is Time-Barred

#### 1. Rule 12(b)(6)

"The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief." Wright & Miller, Fed. Prac. & Proc. § 1356 at 294 (1990). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 550 (2007)). In considering a Rule 12(b)(6) motion, a court must focus on whether the plaintiff is entitled to offer evidence to

6

support the claims, rather than whether the plaintiff will ultimately prevail. Twombly, 550 U.S. at 555. The court must construe the complaint in the light most favorable to the plaintiff and accept all well pleaded material allegations in the complaint as true. Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). When a complaint's allegations, even if true, do not state a claim for relief, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." 5 Wright & Miller § 1216, at 233–234.

### 2. Two Year Statute of Limitations and Tolling for FHA Claim

The FHA provides that civil actions must be filed "no later than 2 years after the occurrence or the termination of an allegedly discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). The "computation of such 2–year period shall not include any time during which *an administrative proceeding under this subchapter* was pending with respect to *a complaint or charge under this subchapter* based upon such discriminatory housing practice." Id. § 3613(a)(1)(B) (italic added). In their complaint, plaintiffs allege that their application to rent was denied on June 16, 2010. Defendants assert that the plaintiffs waited over two years until December 7, 2012, to file their federal complaint. Plaintiffs argue that some of this time was tolled by their state charge and the OCRC's state action (doc. no. 8 at 4).

Defendants point out that the OCRC charge and state action do **not** constitute "*an administrative proceeding under this subchapter.*" Such language refers to administrative complaints filed under the FHA with the Secretary of the

7

Department of Housing and Urban Development ("HUD"). See, e.g., Boykin v. KeyCorp, 521 F.3d 202, 212 (2d Cir. 2008) (finding that two year period was tolled while plaintiff's administrative HUD complaint was pending); Laflamme v. New Horizons, Inc., 605 F.Supp.2d 378, 389 (D.Conn. 2009) (finding that plaintiff's administrative HUD complaint was pending for about seven months and that such time would be excluded from the 2-year period). Defendants point out that the Jones' state administrative complaint under Ohio law is not the same as "an administrative complaint under this subchapter," i.e. an administrative complaint with HUD under the FHA, for purposes of tolling the two year statute of limitations. See, e.g., Kennedy v. Zanesville, 505 F.Supp.2d 456 (S.D.Ohio 2007) (finding that although plaintiffs had filed an OCRC charge, "there is no evidence that plaintiffs filed a section 3610 proceeding with HUD, [and thus] tolling is not available").

Plaintiffs do not allege that they filed a HUD complaint under the FHA, and the time to do so has passed. See 42 U.S.C. § 3610(a)(1)(A)(i) ("An aggrieved person may, not later than one year after an alleged discriminatory housing practice has occurred or terminated, file a complaint with the Secretary alleging such discriminatory housing practice.").[1] Plaintiffs cite no authority indicating that their state ORC complaint tolls the 2-year period. They merely contend that the defendants have misquoted the FHA's statutory language by referring to "under this subchapter" instead of "under this title" (doc. no. 8 at 5). Plaintiffs do

---

[1] **Plaintiffs were not required to file a HUD complaint under the FHA, but if they had opted to do so, such filing would have tolled the two year statute of limitations. See 42 U.S.C. § 3613(a)(2).**

8

not explain the purported significance of this alleged misquotation, but in any event, review of the statute reflects that the defendants have correctly stated its language, and that the plaintiffs are mistaken. It is plaintiffs who have misquoted the language of the statute.

Under the facts alleged in the complaint (and as re-alleged in the amended complaint), the plaintiffs' FHA claim is time-barred because plaintiffs filed it more than two years after it accrued. As for tolling, plaintiffs do not allege that they filed a complaint with HUD. Plaintiffs do not allege that their state charge was brought under the FHA. No basis for statutory tolling is apparent under the alleged facts.

Typically, an amended complaint supersedes and replaces the previous complaint, and the filing of an amended complaint generally moots a pending motion to dismiss. See, e.g., Hartman v. Register, 2007 WL 915193, *5 (S.D.Ohio) (J. Beckwith); Yates v. Applied Performance Techs., Inc., 205 F.R.D. 497, 499 (S.D.Ohio 2002) (J. Holschuh); ABB, Inc. v. Reed City Power Line Supply Co., 2007 WL 2713731, *1 (W.D.Mich.) (collecting cases). Nonetheless, where the factual allegations of the amended complaint are "substantially identical" to the facts alleged in the original complaint, the arguments of the motion to dismiss are not necessarily moot. See, e.g., Smith v. GE Aviation, 2011 WL 2790166, *1 (S.D.Ohio) (J. Black); Greater Cinc. Coalition v. City of Cinc., 2009 WL 3029661, *4 (S.D.Ohio) (J. Weber). In fairness to the parties and in the interests of justice, the Court will grant leave to file the amended complaint. Nonetheless, as the record before this Court does not indicate any basis for statutory tolling to apply, the Court will order

the plaintiffs to show cause why their remaining claim under the FHA should not be dismissed as time-barred.

Accordingly, the plaintiffs' "Motion for Leave to File an Amended Complaint" (doc. no. 9) is **GRANTED**; the Clerk of Court is directed to file the tendered Amended Complaint in the docket; the defendants' "Motion to Dismiss" is **DENIED** without prejudice; plaintiffs are ordered to **SHOW CAUSE** by August 26, 2013, why their remaining FHA claim should not be dismissed as time-barred; defendants may respond, if desired, by September 9, 2013.

IT IS SO ORDERED.

                                           s/Herman J. Weber
                                     Herman J. Weber, Senior Judge
                                     United States District Court